**FILED**
**Aug 13, 2020**
**11:58 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **SARAH SAUBER,** | ) | **Docket No. 2019-03-1132** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HARBOR FREIGHT TOOLS USA,** | ) | |
| **INC.,** | ) | **State File No. 1233-2019** |
| **Employer,** | ) | |
| **And** | ) | |
| **SAFETY NATIONAL CASUALTY** | ) | |
| **CORPORATION,** | ) | **Judge Pamela B. Johnson** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER

Sarah Sauber injured her right arm at work, and Harbor Freight paid medical and temporary disability benefits. She now seeks treatment for her right hand, a second panel or alternatively a second opinion on the right elbow, and temporary partial disability benefits. Harbor Freight denied the additional benefits. For the reasons below, the Court holds Ms. Sauber is entitled to a hand-specialist panel but denies her requests for a new panel or second opinion for her elbow and temporary partial disability benefits.[1]

### History of Claim

On January 5, 2019, Ms. Sauber injured her right arm at work, and Harbor Freight authorized medical treatment.

Ms. Sauber first treated with an urgent care clinic, where she was diagnosed with tennis elbow and referred to an orthopedic physician. Harbor Freight provided an orthopedic-physician panel, and she chose Dr. David Hovis.

---

[1] Ms. Sauber additionally asked for reimbursement of her mileage traveling to/from her authorized appointments, which Harbor Freight agreed to pay under Tennessee Code Annotated section 50-6-204.

Ms. Sauber saw Dr. Hovis on January 24 and reported pain in her right forearm and hand. He diagnosed tennis elbow and complex regional pain syndrome (CRPS). Dr. Hovis treated her symptoms conservatively and restricted her to light duty. On July 16, Dr. Hovis placed Ms. Sauber at maximum medical improvement (MMI) and assigned a one-percent permanent impairment for her elbow. He also referred her to a physiatrist for her ongoing CRPS complaints.

Ms. Sauber then saw a panel-selected physiatrist, Dr. Steven Musick, on June 21, 2020. Dr. Musick reviewed Dr. Hovis's treatment and found that Ms. Sauber's symptoms did not meet the criteria for CRPS. Dr. Musick referred her to a hand specialist for her persistent forearm pain.

Ms. Sauber asked the Court to order Harbor Freight to provide additional medical treatment. First, she requested a panel of hand specialists for her continuing hand and forearm complaints. Second, she requested a new panel of orthopedists to take over treatment of her elbow or alternatively to provide a second opinion. She argued that Dr. Hovis never evaluated or treated her hand, wrist or forearm. Harbor Freight denied that Ms. Sauber is entitled to the hand-specialist panel or a new panel of orthopedic specialists. It asserted that she selected Dr. Hovis as her authorized treating physician and must return to him for any further treatment.

Third, Ms. Sauber also asked for temporary partial disability benefits. She testified that Harbor Freight reduced her hours after her injury. She said she earned $9.50 per hour and usually worked fifteen to thirty hours per week before the injury but worked only five to fifteen hours afterward. She stated that she resigned on April 3, 2019, due to her hours being reduced to five hours per week. She began new employment on April 8, earning $10 or $11 per hour.

Harbor Freight denied Ms. Sauber's entitlement to temporary disability benefits. On cross-examination, Ms. Sauber admitted that she was a part-time employee and earned $9.50 per hour. She acknowledged that her hours and schedule varied week to week. When asked to compare some of her pay stubs for periods before and after her work injury, Ms. Sauber acknowledged that she worked approximately fifteen hours per week in those pay periods both before and after her injury, including the two weeks before her resignation.

## Findings of Fact and Conclusions of Law

At an Expedited Hearing, Ms. Sauber must show that she is likely to prevail at a hearing on the merits that she is entitled to the requested benefits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Addressing her claim for a panel of hand specialists, when a panel-selected physician makes a referral to a specialist physician, the employer shall provide the

2

employee a panel of three or more independent reputable physicians. *See Mollica v. EHHI Holdings, Inc., d/b/a Advanced Home Care Mgmt., Inc., d/b/a Encompass Home Health,* 2020 TN Wrk. Comp. App. Bd. LEXIS 22, at *5 (Apr. 21, 2020). Once a panel-selected physician makes the referral, the burden of proof falls to the employer to show that the referral was not medically appropriate as a result of the compensable injury. *Id.* at *5. Treatment recommended by a panel-selected physician is presumed medically necessary. *Id.* Additionally, when a treating physician makes a referral to a specialist, the specialist physician becomes the treating physician until the treatment by the specialist physician concludes and the employee is referred back to the treating physician selected from the initial panel. *See Endsley v. Benchmark Contractors, LLC,* 2017 TN Wrk. Comp. App. Bd. LEXIS 47, at *6 (Aug. 11, 2017).

Here, Ms. Sauber selected Dr. Hovis from a panel, who later referred her to a physiatrist. She selected a physiatrist, Dr. Musick, from a panel, who then referred her to a hand specialist. Dr. Musick knew of Dr. Hovis's treatment of Ms. Sauber when he made the referral. He did not refer Ms. Sauber back to Dr. Hovis. Instead, he referred her to a hand specialist, which referral is presumed medically necessary. Harbor Freight did not show that the referral was medically unnecessary or that Dr. Hovis is a hand specialist. Therefore, the Court holds that Ms. Sauber presented sufficient evidence that she is likely to succeed at a hearing on the merits on entitlement to a panel of hand specialists.

As for the request for a new panel to replace Dr. Hovis, Ms. Sauber did not show that Dr. Hovis refused to treat her elbow. Thus, the Court denies her request, and he shall remain the authorized treating physician for her elbow.

On the second-opinion request, when a treating physician makes a referral, the employee is entitled to a second opinion on the issue of surgery and diagnosis. *See Petty v. Convention Prod. Rigging,* 2016 TN Wrk. Comp. App. Bd. LEXIS 95, at *20 (Dec. 29, 2016). Here, although Dr. Hovis and Dr. Musick made referrals, they did not recommend surgery, so Ms. Sauber does not meet the criteria for a second opinion. Therefore, the Court denies her request.

Turning lastly to her temporary partial disability claim, an employee is entitled to these benefits when the temporary disability from a work-related injury is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2). In other words, the employee may be eligible for temporary partial disability if the treating physician has released the employee to return to work with restrictions before MMI, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury. *See Heard v. Carrier Corp.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 16, at *5-6 (Apr. 20, 2018).

In this case, Dr. Hovis assigned light-duty restrictions that Harbor Freight

accommodated. Ms. Sauber's testimony was that she continued to work approximately the same number of hours after the injury as she did before her injury at the same rate of pay. Therefore, the Court denies this request.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Sauber's request for a panel of hand specialists is granted. Harbor Freight shall provide Ms. Sauber with a hand-specialist panel under Tennessee Code Annotated section 50-6-204.

2. Ms. Sauber's requests for a new panel of specialists or a second opinion for her elbow are denied at this time. Dr. Hovis shall remain the authorized treating physician for her elbow.

3. Ms. Sauber's request for temporary partial disability is denied at this time.

4. This case is set for a Scheduling Hearing on **December 8, 2020**, at **9:30 a.m. Eastern Time**. The parties must call 855-383-0003 (toll-free) to participate. Failure to appear by telephone might result in a determination of the issues without the party's participation.

5. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance might result in a penalty assessment for non-compliance.

6. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED August 13, 2020.**

**JUDGE PAMELA B. JOHNSON**
**Court of Workers' Compensation Claims**

4

# APPENDIX

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Employee's Notice of Filing of Exhibits, June 19, 2020
5. Employee's Second Notice of Filing of Exhibits, July 5, 2020
6. Employee's Third Notice of Filing of Exhibits, July 23, 2020
7. Employer's Brief
8. Employee's Fourth Notice of Filing of Exhibits, July 29, 2020

Exhibits:
1. Ms. Sauber's Affidavit
2. Ms. Sauber's Position Statements
3. Dr. David Hovis's Deposition Transcript
4. First Report of Work Injury
5. Wage Statement
6. Ms. Sauber's Earnings Statements
7. Harbor Freight Logistics' Job Duties
8. Panel of Physicians, April 19, 2020
9. Panel of Physicians, June 2, 2020
10. Guardian Correspondence, June 19, 2020
11. Harbor Freight Tools USA, Inc.'s Letter, January 24, 2019
12. Electronic Communications and Text Messages
13. Harbor Freight's Employee Schedule/Calendar
14. Medical Records:
15. Photographs
16. Mileage Submittal Sheet

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on August 13, 2020.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Sarah Sauber, Self-Represented Employee | | X | sarah68lee@yahoo.com |
| Kristina A. Woo, Employer's Attorney | | X | kwoo@spence-lawfirm.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

6



## Expedited Hearing Order Right to Appeal:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

**Employee** _____

v.

**Employer** _____

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### Affidavit of Indigency

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                                                        RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries      $ _____ per month    Telephone      $ _____ per month

Electricity      $ _____ per month    School Supplies $ _____ per month

Water      $ _____ per month    Clothing      $ _____ per month

Gas      $ _____ per month    Child Care      $ _____ per month

Transportation $ _____ per month    Child Support $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile      $ _____      (FMV) _____

Checking/Savings Acct. $ _____

House      $ _____      (FMV) _____

Other      $ _____      Describe:_____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____